UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER B.,

        Plaintiff,　　　　　　　　**DECISION AND ORDER**

  v.　　　　　　　　　　　　　　　1:21-cv-00899-EAW

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## INTRODUCTION AND BACKGROUND

Plaintiff Christopher B. ("Plaintiff") brought this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). (Dkt. 1). On December 2, 2022, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 9). Judgment was entered that same day. (Dkt. 10).

Presently before the Court is Plaintiff's motion for $8,806.65 in attorney's fees and $402.00 in filing fees that he is seeking pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Dkt. 11). Plaintiff filed the instant motion on January 3, 2023. (Dkt. 21). The Commissioner did not submit a response to Plaintiff's motion, despite having been granted an extension of time in which to do so. (Dkt. 12). For the reasons that follow, the Court grants Plaintiff's motion in part.

## DISCUSSION

I. **Legal Standard**

As the Second Circuit has explained:

> The [EAJA] provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 302-03 (2d Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)). "Thus, under the EAJA, eligibility for a fee award in any civil action requires: (1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; [and] (3) that no special circumstances make an award unjust." *Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) (citation and quotations omitted).

II. **Plaintiff is Entitled to a Fee Award**

   A. **Timeliness**

Under the EAJA, a party seeking an award of attorneys' fees must submit an application for fees and other expenses "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable."). Here, the Court approved the parties' stipulation for remand under sentence four and the Clerk of Court entered the final judgment in favor of

Plaintiff on December 2, 2022.  (Dkt. 9; Dkt. 10).  Because Plaintiff filed the instant motion on January 3, 2023 (Dkt. 11), the Court finds Plaintiff's application timely.

### B. Plaintiff is the Prevailing Party

"[A] party who wins a sentence-four remand order is a prevailing party." *Shalala*, 509 U.S. at 302; *see also Edwards ex rel. Edwards v. Barnhart*, 238 F. Supp. 2d 645, 649 (S.D.N.Y. 2003) ("by obtaining a sentence four remand a claimant immediately prevails whether or not he ultimately obtains benefits, and he may recover attorney's fees for the judicial proceeding in which he prevailed").  The parties here stipulated to, and the Court approved, remand to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Dkt. 9).  Accordingly, Plaintiff is the prevailing party for purposes of the instant application.

### C. The Government's Position was not Substantially Justified

A plaintiff seeking attorneys' fees under the EAJA must allege that the government's position was not substantially justified.  *See* 28 U.S.C. § 2412(d)(1)(B). Once plaintiff has done so, the burden shifts to the government to establish that its position was substantially justified.  *See Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (the government "bears the burden of showing that [its] position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Having filed no response to Plaintiff's motion, the Court finds that Defendant has not satisfied the burden of demonstrating that the litigation position taken by Defendant was substantially justified.  *See Bagley v. Comm'r of Soc. Sec.*, No. 6:02-CV-0285 (GLS),

2008 WL 3925632, at *2 (N.D.N.Y. Aug. 20, 2008) (plaintiff satisfied his burden when the government did not dispute the insufficiency of its position); *see also Martin v. Comm'r of Soc. Sec.*, No. 18-CV-3581 (RRM), 2022 WL 4662086, at *2 (E.D.N.Y. Sept. 30, 2022) (the government has neither met the burden of showing substantial justification for its position nor the existence of special circumstances that would make an EAJA award unjust when it has not opposed the EAJA fee application).

### D.     Special Circumstances

In rare situations, equitable consideration make an award of attorneys' fees under the EAJA unjust. *See* 28 U.S.C. § 2412(d)(1)(A). An analysis of "special circumstances" is governed by equitable considerations. *See Oguachuba v. I.N.S.*, 706 F.2d 93, 98 (2d Cir. 1983) ("The EAJA . . . explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party."). "The burden of establishing 'special circumstances' that may justify reducing a fee award is on the government." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 671 (S.D.N.Y. 2010) (quoting *Mid–Hudson Legal Servs., Inc. v. G & U, Inc.*, 578 F.2d 34, 38 (2d Cir. 1978)).

Because Defendant has not responded to Plaintiff's application, the Court finds that Defendant did not satisfy the burden of demonstrating that "special circumstances" warrant the denial or reduction of the EAJA award. *See Soto v. Astrue*, No. 09-CV-3238 (FB), 2010 WL 2026269, at *1 (E.D.N.Y. May 20, 2010) (the government did not meet its burden where it did not oppose plaintiff's EAJA fee application).

### III.     Reasonableness of the Fee Request

EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, No. 19-CV-00454 (KAD), 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020). "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." *Id*. (internal brackets omitted). "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted); *see also Caplash* v. *Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018) (the cost-of-living adjustment is calculated "by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." (citation omitted)). "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Montes*, 2019 WL 2264967, at *3 (internal brackets omitted).

Plaintiff's counsel submits that she had expended 33.8 hours of attorney time on the litigation in 2021 and 2022. (Dkt. 11-1 at 5; Dkt. 11-2 at 2). Counsel requests $8,806.65 in fees for legal services performed and $402.00 in filing fees. (*Id.*).

The Court finds that the number of hours spent by counsel is within the reasonable range of hours dedicated to a routine social security case, but notes several issues with counsel's calculations of the requested legal fees. First, it appears that although counsel performed work in 2021 and 2022, she calculated one CPI-adjusted hourly rate based on the total hours of legal work performed on behalf of Plaintiff instead of applying a different cost of living adjustment for each year in which hours were billed. *See Caplash*, 294 F. Supp. 3d at 136 ("The court must apply a different cost of living adjustment for each year in which hours were billed, rather than applying a single adjustment to the total hours billed." (quotation omitted)). Plaintiff's counsel performed 3.7 hours of legal work in 2021 and 30.1 hours in 2022. (Dkt. 11-2 at 1-2). Accordingly, applying the CPI-adjusted hourly rate for 2021 to the 3.7 hours she billed that year, counsel's attorney's fees for that period would amount to $804.90.[1]

---

[1] Using the CPI data published by the United States Department of Labor at https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on Apr. 26, 2023), the CPI-adjusted hourly rate for 2021 was $217.54, which is calculated by averaging the individual CPIs for each month of 2021 and applying the annual average CPI (270.972) to the following formulas:

$125.0 (hourly rate in statute) = $X
155.7 (CPI as of March 1996) = 270.972 (average CPI for 2021).

Second, despite submitting her application in January 2023, Plaintiff's counsel does not include the correct hourly rate for the entire year 2022 in her application and refers to the hourly rate calculated as of October 2022. (Dkt. 11-1 at 4; Dkt. 11-2 at 2). The CPI-adjusted hourly rate for the entire year 2022 is $234.95.[2] Considering that Plaintiff's counsel spent 30.1 hours on representing Plaintiff's interests in 2022, counsel's fees for that period would amount to $7,072.00. Accordingly, in light of the hours spent by Plaintiff's counsel on representation of Plaintiff's interests in 2021 and 2022, and the adjusted hourly rates for each year of counsel's representation, Plaintiff's counsel is entitled to an award of $7,876.90 in attorney's fees and $402.00 in costs associated with commencement of the action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees (Dkt. 11) is granted in part and denied in part. The Commissioner shall pay $7,876.90 in attorney's fees and $402.00 in costs to Plaintiff's counsel subject to offset under the Treasury Offset Program, if any.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     May 2, 2023
           Rochester, New York

---

[2]     Calculated by averaging the individual CPIs for each month of 2022 and applying the annual average CPI (292.655) to the above formulas.